## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| GRAHAM COFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: CV-17 |
| NEW PRIME, INC., and ALBERT | ) |
| VILLEARREAL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Graham Coffey, Plaintiff, complains because of injuries and damages he suffered at the hands of Defendants.

## STATEMENT OF THE PARTIES

1. Plaintiff Graham Coffey ("Plaintiff") is a resident of the State of North Carolina.

2. Defendant New Prime, Inc. (hereinafter "New Prime") is a foreign corporation whose principal place of business is in Springfield, Greene County, Missouri.

4. Defendant Albert Villearreal (hereinafter "Villearreal") is over the age of majority and is a resident of New Braunfels, Comal County, Texas. At all times material herein, Villearreal is believed to have been an agent of New Prime, Inc.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $75,000, and has diversity of citizenship between the parties pursuant to 28 U.S.C.S. § 1332.

5. Venue is appropriate in this matter under 28 U.S.C. 1391(b) because the events that give rise to this Complaint occurred in this district.

**UNDISPUTED FACTS**

6.  On or about February 12, 2016, Plaintiff Graham Coffey was the passenger of a 2014 Jeep Wrangler driven by Margaret E. Freeman. Ms. Freeman was operating the vehicle eastbound on I-565 in Madison County, Alabama.

7.  At said time and place, Defendant Villearreal was operating a commercial motor vehicle owned by Defendant New Prime, westbound on I-565 in Madison County, Alabama.

8.  Defendant Villearreal was an employee and/or agent of Defendant New Prime at the time of the accident.

9.  At all times herein mentioned, Ms. Freeman's vehicle, which Mr. Coffey was a passenger in, was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Alabama.

10. Defendant Villearreal lost control of his vehicle and crossed the median into Ms. Freeman's lane in violation of the law and without regard for the safety of others, and collided with another vehicle causing it and Villearreal's vehicle to collide with the vehicle of which Mr. Coffey was a passenger.

11. As a direct and proximate result of the aforesaid wrongful, negligent, and/or wanton conduct of Villearreal, Plaintiff suffered severe injuries.

**CAUSES OF ACTION**

**COUNT I**
**Negligence/Wantonness – Defendant Villearreal**

12. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-11 above.

13. On February 12, 2016, Defendant Villearreal was operating a commercial motor vehicle within the line and scope of his employment with New Prime when he negligently and wantonly allowed his vehicle to enter the lane occupied by Ms. Freeman and Mr. Coffey, thereby causing an accident with Ms. Freeman's vehicle.

14. Defendant Villearreal had a duty to act reasonably and use care while driving. Defendant Villearreal had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of Alabama, and to pay full time and attention to the operation of his vehicle and avoid a collision.

15. Defendant Villearreal breached that duty of due care by failing to pay proper attention to the roadway and the traffic, failing to obey the laws and rules of the State of Alabama, failing to control the vehicle in order to avoid a collision, and failing to maintain his vehicle in his travel lane thereby causing a collision with the vehicle in which Plaintiff was a passenger.

16. As a direct and proximate cause of the negligence or wantonness of Defendant Villearreal, Plaintiff suffered personal injuries and damages.

## COUNT II
### Negligence/Wantonness – Defendant New Prime

17. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-16 above.

18. Upon information and belief, Villearreal was an employee of New Prime and was operating within the course and scope of his employment with New Prime at the time of the wreck.

19. Under the doctrine of respondeat superior, New Prime is liable for Villearreal's negligence and the damages caused by such negligence.

20. As a direct and proximate cause of the negligence or wantonness of Defendant Villearreal, and vicariously Defendant New Prime, Plaintiff suffered personal injuries and damages.

**COUNT III**
**Gross Negligence/Wantonness – Defendants Villearreal and New Prime**

21. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-20 above.

22. Defendants at the time and place of the aforementioned accident, operated the vehicle in a careless, reckless and unsafe manner, failed to exercise ordinary care and diligence, and were, further grossly negligent in, including, but not limited to, the following respects:

(a) they failed to keep a proper lookout;

(b) they failed to maintain proper control of their vehicle so as to avoid an accident; all in total disregard for the safety of the Plaintiff and those around him;

(c) Defendant New Prime entrusted its vehicle to Defendant Villearreal, either with actual or constructive knowledge that he was an incompetent driver and was likely to operate a commercial motor vehicle in a negligent and reckless manner;

(d) Defendant New Prime negligently or wantonly hired, retained, supervised, entrusted a vehicle to and/or train Defendant Villearreal;

(e) Defendants Villearreal and New Prime negligently and/or wantonly inspected and/or maintained the commercial motor vehicle driven by Villearreal.

23. As a direct and proximate cause of the negligence or wantonness of Defendant New Prime, Plaintiff suffered personal injuries and damages.

## COUNT IV

### Negligent Hiring, Training and Supervision - Defendant New Prime

24. Plaintiffs incorporate by reference as if fully set forth herein the allegations in paragraphs 1-23 above.

25. Defendant New Prime, prior to and at the time of the accident, was negligent in its hiring, training and supervision of Defendant Villearreal in that it entrusted its vehicle to Defendant Villearreal, either with actual or constructive knowledge that he was an incompetent driver and was likely to operate a motor vehicle in a negligent and reckless manner.

26. As a direct and proximate cause of the negligent hiring, training and supervision by Defendant New Prime, Plaintiff suffered personal injuries and damages.

## COUNT V

### Agency Defendant – New Prime

27. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-26 above.

28. The above-described acts of Defendant Villearreal were committed while he was acting as agent, servant, and or employee of Defendant New Prime, and were committed within the scope of his agency and while furthering the business interests of Defendant New Prime.

29. As principal of Defendant Villearreal, Defendant New Prime is responsible for all of the acts committed by Defendant Villearreal within the scope of his agency, including the

commercial motor vehicle accident in this case that caused Plaintiff to suffer personal injuries and damages.

## COUNT VI

### Combined and Concurring Negligence

30. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-29 above.

31. The negligence, wantonness or other wrongful acts of all Defendants in this case combined and concurred to cause the injuries and damages as alleged above.

### DAMAGES

32. As a result of Defendants' negligent, wanton, and/or willful conduct, Plaintiff suffered personal injuries. Plaintiff requests that the fact finder award actual damages appropriate to compensate Plaintiff for his personal injuries and all other damages, including but not limited to: Plaintiff's medical bills, Plaintiff's physical pain and mental anguish, Plaintiff's physical disfigurement, and Plaintiff's physical impairment, lost wages, and all other compensatory damages that Plaintiff may be entitled to under applicable laws.

33. Plaintiff is entitled to punitive damages for the willful, wanton, intentional, reckless and malicious acts of the Defendants. Further, the acts of the Defendants constitute gross negligence.

34. In addition to compensatory damages, Plaintiff requests an award of pre-judgment interest, post-judgment interest, costs of court, and all other relief to which Plaintiff may be entitled to under applicable laws.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

8

                                      Respectfully submitted,

                                      /s/Jeremiah M. Hodges
                                      Jeremiah M. Hodges, (HOD018)
                                      Timothy M. McFalls (MCF019)
                                      Attorneys for Plaintiff
                                      Hodges Trial Lawyers, P.C.
                                      200 West Side Sq., Ste. 309
                                      Huntsville, Alabama 35801
                                      (256) 539-3110 - phone
                                      (256) 539-3212 – fax
                                      jmhodges@notanaccident.com - email

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| New Prime, Inc. | Albert Villearreal |
| c/o Steve Crawford | 241 Seville Dr., Apt. L5 |
| 2740 North Mayfair | New Braunfels, TX 78130-3851 |
| Springfield, MO 65803 | |

                                      /s/Jeremiah M. Hodges
                                      Jeremiah M. Hodges